## Case No. 10,695.

PALMER et al. v. UNITED STATES.

[1 Hoff. Land Cas. 216.] [1]

District Court, D. California. Aug. 3, 1857.

MEXICAN LAND GRANT—TRIAL—REASONABLE TIME FOR PREPARATION.

In cases pending under the act of March 3, 1851 [9 Stat. 631], some indulgence should be extended by the court to the district attorney, in order that he may have a reasonable time in which to prepare them for trial.

[This was a motion by claimants [Joseph C. Palmer and others, claiming the rancho Punta De Lobos] that the case be set for hearing at an early day.

E. L. Goold, for the motion.
P. Della Torre, U. S. Atty., opposed.

OPINION OF THE COURT. A motion is made to set this case for a hearing at an early day, which is opposed by the district attorney. The transcript was filed in this court on the 30th of January, 1856. The cause was placed on the calendar, but was not reached until April 13th, 1857, when it was set for a hearing on the 6th of May ensuing. On the 6th of May, the court was not in session, and, the rule requiring the examination in court of witnesses in cases where fraud was alleged having been suspended, depositions were taken on various days up to May 15th, when the claimant's attorney gave notice to the district attorney of his readiness to submit the case. On Monday, May 18th, the district attorney obtained from the court one week further time to take testimony. On Monday, the 25th of May, the district attorney desiring a further postponement of the case, a week's time was granted by the court. On Monday, June 1st, the claimant's counsel moved the hearing of the cause; but having, from a misconception of the practice, omitted to procure certain mesne conveyances before the commissioners, though the originals duly acknowledged were produced in court, the cause was again, at the instance of the district attorney, postponed for two weeks. On the 15th of June, the claimant's counsel again moved the hearing of the cause. This motion was opposed by the district attorney. No affidavit, however, was presented by him, nor statement of any testimony he expected to procure. No names

of witnesses were given; but the importance of the case was referred to, and the hope expressed that some testimony to establish the fraud suggested might be obtained in the course of a few weeks.

The court, desirous of affording every facility for the ascertainment of the real merits of the case, again postponed the cause; and as the judge was about to be absent from the city, six weeks were allowed, and the cause fixed for July 27th. On the 27th of July, the hearing was again moved by the claimant's counsel, and a further postponement was asked by the district attorney. On being inquired of by the court, he declined to specify any time at which he could be ready to submit the case, but intimated that he required a delay of some months. He did not give the court to understand that he was in possession of any facts susceptible of proof, or that he knew of any witnesses by whom the case, on the part of the United States, could be made out. He contended, however, that the cause had lost its place on the calendar, and should be postponed until regularly called in its order, and he expressed the hope that by that time he would be able to procure some testimony on the part of the government. No evidence, either oral or documentary, has been taken or filed on the part of the United States since the cause has been pending in this court, or within the last two years.

It will not be disputed that the intention of congress was to secure the speedy settlement of land claims in this state. It was accordingly provided by section 9 of the act of 1851 that after the service of the answer to the petition for a review of the decision of the board, the cause should stand for trial at the next term of the court thereafter, unless, on cause shown, the same should be continued by the court. I think the claimants have, under the circumstances of this case, an unquestionable right to have the case heard and disposed of. I shall, therefore, set it for hearing on Monday next, the 10th day of August—with liberty, however, to the district attorney, on or before that day, to show cause for a continuance by affidavit, stating the facts intended to be proved, the names of the witnesses, the time within which they can be produced, and the reasons for their not having been heretofore examined.

I am aware that, in suffering the cause to be again postponed, even on the showing indicated, I may seem to be allowing too great indulgence; but the large number of these cases, which renders it impossible for the district attorney to devote his exclusive attention to any one, the difficulty of procuring information as to the facts, the importance of this particular case, and the circumstance that the law officer of the government has but recently entered upon his office, have induced me to give to that officer all the opportunities for the preparation of these

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

cases which, without disregarding the rights of the claimants, I can extend to him.

[NOTE. At the next call of the case a continuance of four weeks was allowed the government. At the expiration of this time the district attorney was again not ready, and asked for another continuance. This was denied, and the case set for hearing. Case No. 10,696. A decree was entered rejecting the claim. Id. 10,-697. This was affirmed upon appeal to the supreme court. 24 How. (65 U. S.) 125.]